UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| XIHAI WANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01543-TAB-RLY |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

**I.    Introduction**

Before the Court are: (1) Plaintiff Xihai Wang's motion [Filing No. 42] for reconsideration of the order granting Defendants' motion to dismiss, (2) Defendants' motion [Filing No. 52] to dismiss Plaintiff's amended complaint; (3) Defendants' motion to strike Plaintiff's reply brief [Filing No. 55]; and (4) Plaintiff's motion for discovery [Filing No. 46]. Plaintiff's motion for reconsideration does not articulate any errors of law or fact, put forth any newly discovered evidence, or state any valid reason for the Court to alter or amend its decision. Thus, Plaintiff's motion for reconsideration is denied.  Moreover, Plaintiff's proposed amended complaint attempts to revive additional claims in contravention of the Court's earlier order. Therefore, Defendants' motion to dismiss the amended complaint is granted.  In addition, Plaintiff's motion for discovery [Filing No. 46] is denied, and Defendants' motion to strike Plaintiff's reply brief [Filing No. 55] is denied as moot.

## II.     Background

Plaintiff, proceeding *pro se*, filed the underlying complaint in this matter on August 28, 2023. [Filing No. 1.] Defendants moved to dismiss that complaint for lack of jurisdiction and failure to state a claim. [Filing No. 19.] In January 2024, attorney Christopher Myers filed an appearance on behalf of Plaintiff. [Filing No. 34.] On April 23, 2024, the Court granted Defendants' motion to dismiss Plaintiff's complaint because it suffered a myriad of problems and raised claims that are time-barred or precluded by the *Rooker-Feldman* doctrine. [Filing No. 39.] The Court ordered Plaintiff to file any amended complaint within 14 days if Plaintiff desired to do so and in good faith believed he could do so in compliance with Rule 11 of the Federal Rules of Civil Procedure. [Filing No. 39, at ECF p. 19.] However, the Court noted that any amended complaint could only seek to revive the *Monell* claims in Count V that were based on conclusory allegations. [Filing No. 39, at ECF p. 19.]

On April 30, 2024, Plaintiff filed a motion for reconsideration of the Court's order. [Filing No. 40.] In a marginal entry, the Court struck Plaintiff's motion, noting that although Plaintiff was represented by counsel at that time, the motion for reconsideration was signed by Plaintiff, not his counsel. [Filing No. 41.] Subsequently, on May 3, 2024, Plaintiff re-filed the motion for reconsideration with his counsel's signature. [Filing No. 42.] The re-filed motion is nearly identical to the first version, changing only the title to remove "*pro se*" and removing one sentence in numerical paragraph 9 on the second page. [Filing No. 40, at ECF p. 3.; Filing No. 42, at ECF p. 3.] Three days later, attorney Myers moved to withdraw his appearance on behalf of Plaintiff, which the Court granted. [Filing No. 44; Filing No. 45.] Thus, Plaintiff is once again proceeding *pro se*.

2

In May 2024, Plaintiff filed a motion for discovery, seeking "leave to file the attached Interrogatories, Request for Admissions and Request for Productions of Documents." [Filing No. 46.] On May 20, 2024, Defendants moved to dismiss Plaintiff's amended complaint. [Filing No. 52.] Defendants also moved to strike Plaintiff's belated reply brief. [Filing No. 55.] All these motions now pend.

### III.     Analysis

#### A.      Plaintiff's Motion for Reconsideration

Plaintiff, pursuant to Rule 59(e), moves for reconsideration of the Court's order granting Defendants' motion to dismiss his complaint. [Filing No. 42.] As noted above, the Court already denied Plaintiff's motion for reconsideration because he filed it without his counsel's signature while still represented by counsel. [Filing No. 41.] The signed version of his motion—which is nearly identical—fares no better.

Motions to reconsider serve a limited function as "[o]rdinarily, relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (internal citation, quotation marks, and brackets omitted). A motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact." (Internal citations and quotation marks omitted)). This is a high

3

bar. *See also Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir 2013) ("A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." (Internal citations and quotation marks omitted)).

Plaintiff does not present any newly discovered evidence that was not available earlier. In fact, he does not submit any evidence to support his motion for reconsideration. Nor does he establish any significant change in the law or facts since the parties presented the motion to dismiss to the Court. Instead, Plaintiff attempts to re-litigate issues previously presented to the Court and to introduce new legal theories in support of his arguments.

As the Court previously noted, Plaintiff entered into a pretrial diversion agreement with the state court in May 2022 in relation to underlying charges he claims were based on a false probable cause affidavit. [Filing No. 1, at ECF p. 7.] The only "new" factual allegation Plaintiff appears to assert in his motion for reconsideration is that he did not complete the terms of the diversion agreement because he believed that probable cause did not exist. [Filing No. 42, at ECF p. 2.] The Court already established that to enter into that agreement, Plaintiff had to admit that there was probable cause for his arrest and for the charges filed against him. [Filing No. 39, at ECF p. 3 (citing Agreement to Withhold Prosecution, *State v. Wang*, Cause No. 49D23-2012-CM-038128 (Mar. Sup. Ct. May 26, 2022)]. In addition, the Court already addressed Plaintiff's allegation that Defendants made a false probable cause affidavit and unreasonably detained and arrested him. [Filing No. 39, at ECF p. 10.] Plaintiff does not point to any new evidence or otherwise demonstrate the Court's order reflects a manifest error of fact in relation to his participation in the diversion agreement in the state court case. Because Plaintiff could have

previously raised the arguments he attempts to raise now in response to Defendants' motion to dismiss, Plaintiff's motion fails.

Similarly, Plaintiff cannot show that this Court committed any manifest error of law or fact to warrant reconsideration. A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). In his motion for reconsideration, Plaintiff broadly claims—with no citation to authority—that there are exceptions to the *Rooker-Feldman* doctrine when the state-court judgment was procured through fraud, deception, accident, or mistake. [Filing No. 42, at ECF p. 1.] The Court specifically ordered additional briefing on the issue of *Rooker-Feldman* and its applicability to the facts of this case after reviewing the briefs addressing Defendants' motion to dismiss. Thus, Plaintiff had the opportunity (while represented by counsel) to file additional briefing solely on the *Rooker-Feldman* doctrine, and he did not raise this argument at that time. This underdeveloped attempt now is too late.

Plaintiff also cites to two Seventh Circuit decisions from 2010 and 2004. [Filing No. 42, at ECF p. 3-4.] However, Plaintiff cannot show that these cases are a significant new change in the law. Moreover, Plaintiff points to no law or authority to support his contention or otherwise demonstrate that the Court wholly disregarded, misapplied, or failed to recognize any controlling precedent. Instead, Plaintiff merely restates his prior arguments. This is not a proper basis for reconsideration. Therefore, Plaintiff's motion [Filing No. 42] is denied.

5

**B.     Defendants' Motion to Dismiss Amended Complaint**

Defendants move to dismiss, or alternatively strike, Plaintiff's amended complaint for failing to comply with the Court's earlier order. [Filing No. 52.] The Court's previous order granting Defendants' motion to dismiss stated that Plaintiff could only revive the *Monell* claims in Count V of his original complaint. Those claims were previously dismissed without prejudice for failure to state a claim. [Filing No. 39, at ECF p. 19.] The Court specifically noted that Plaintiff could not re-plead any claims that were untimely or barred by *Rooker-Feldman*. [Filing No. 39, at ECF p. 19.] Nevertheless, on May 6, 2024, Plaintiff filed his amended complaint, which contains four counts, including impermissible attempts to revive Counts III and XIV of his original complaint. He also alleges an entirely new claim for invasion of privacy. [Filing No. 43.] Plaintiff's amended complaint ignores the Court's requirement that he may only attempt to revive his *Monell* claims contained in Count V of his original complaint.

Moreover, even if the Court were to consider Plaintiff's invasion of privacy claim, it is untimely. Count III of Plaintiff's proposed amended complaint alleges a state law tort of invasion of privacy. This claim should be dismissed for failure to comply with statutory requirements of the Indiana Tort Claims Act (ITCA). The Court previously addressed the statutory requirements of the ITCA in its order granting Defendants' motion to dismiss, when it found Plaintiff's state law claim for intentional infliction of emotional distress[1] against all Defendants failed to comply with the requirements of the ITCA. [Filing No. 39, at ECF p. 18.] As the Court noted in its order granting Defendants' motion, the ITCA provides that a claim against a political subdivision such as Defendants is barred unless the plaintiff first files notice with the entity's governing body

---

[1] This is one of the claims Plaintiff improperly attempts to revive in his proposed amended complaint at Count IV. [Filing No. 43, at ECF p. 16.]

within 180 days of the alleged loss.  Ind. Code § 34-13-3-8(a).  Plaintiff was released from custody following his arraignment on December 29, 2020.  Thus, Plaintiff had 180 days from December 29, 2020, to file his notice of tort claim—or until June 25, 2021.  However, Plaintiff alleges that he filed his notice of tort claim with Defendants on January 6, 2023, which is well past the accrual date.  Therefore, Plaintiff's Count III for invasion of privacy (as well as his improperly re-pleaded IIED claim in Count IV) must be dismissed for lack of jurisdiction.

For all these reasons, Defendants' motion to dismiss is granted.  Plaintiff has one last opportunity to re-plead his complaint by July 10, 2024, in line with the Court's earlier order.  Any amended complaint must only contain *Monell* claims that Plaintiff can support with more than mere conclusory allegations.  Failure to follow these instructions will result in dismissal of this matter with prejudice.

### C.     Additional Motions

Finally, the Court addresses two additional pending motions.  First, Plaintiff seeks leave to file interrogatories, requests for admission, and requests for production of documents.  [Filing No. 46.]  This request is denied.  These types of requests for written discovery do not need to be filed with the Court.  Rather, they simply can be served on the opposing party.  *See* S.D. Ind. L.R. 26-1.

Second, Defendants seek to strike Plaintiff's reply brief in support of his motion for reconsideration.  [Filing No. 55.]  Defendants point out that Plaintiff was required to file any reply by May 24, 2024.  Instead, on May 31, 2024, Plaintiff filed a document entitled "Plaintiff's Motion Reply to Defendants' Opposition of Reconsideration and Dismiss Amended Complaint."  [Filing No. 54.]  This appears to be a combined reply in support of Plaintiff's motion for reconsideration and a response in opposition to Defendants' motion to dismiss or strike his

amended complaint.  Given that the Court denied Plaintiff's motion for reconsideration and granted Defendants' motion to dismiss the amended complaint, the Court denies as moot Defendants' motion to strike this filing.

## IV.   Conclusion

For these reasons, Plaintiff's motion for reconsideration [Filing No. 42] is denied, as well as Plaintiff's motion for discovery [Filing No. 46].  Defendants' motion to dismiss [Filing No. 52] is granted.  Defendants' motion to strike Plaintiff's reply brief [Filing No. 55] is denied as moot.  Plaintiff has one final opportunity to file an amended complaint in line with the Court's earlier order, which may only contain *Monell* claims.  If Plaintiff fails to do so by July 10, 2024, the Court will dismiss this matter with prejudice.

Date: 6/27/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

XIHAI WANG
331 Elizabeth Lake Rd.
Pontiac, MI 48341