UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| XIHAI WANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01543-TAB-RLY |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.       Introduction**

Defendants City of Indianapolis, Officer Cody Graddis, Officer Daniel Reed, and Officer Steven Baumer once again seek to dismiss Plaintiff Xihai Wang's amended complaint. [Filing No. 65.] The Court has consistently noted issues with Plaintiff's complaint and instructed him that any amended complaint must only contain *Monell* claims that Plaintiff can support with more than mere conclusory allegations. The factual allegations in Plaintiff's second amended complaint largely mirror allegations within his first amended complaint, and it suffers from the same defects as his original complaint. In addition, Plaintiff's *Monell* claims still contain conclusory allegations. Despite numerous opportunities, Plaintiff's complaint fails to set forth pleadings that can survive a motion to dismiss. Accordingly, for reasons set forth below, Defendants' motion to dismiss Plaintiff's second amended complaint is granted.

## II.     Background

Plaintiff's second amended complaint sets forth the background of this matter, stemming from Plaintiff's arrest and prosecution in the Indiana state court criminal case *State of Indiana v. Xihai Wang*, Cause No. 49D23-2012-CM-038128.  The factual allegations are nearly identical to the allegations set forth in the last iteration of Plaintiff's complaint.  Nevertheless, in ruling on Defendants' motion to dismiss, the Court once again accepts the facts alleged by Plaintiff in his amended complaint as true and draws all reasonable inference in his favor.  *See, e.g., Scott Air Force Base Properties, LLC, v. Cnty of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

Around 1 a.m. on December 22, 2020, Plaintiff walked out of his residence and his roommates "suddenly held two of his arms, ripped his shirt and maliciously pinned him down to the table, then ran back to the house and hid behind the door."  [Filing No. 62, at ECF p. 4.] About 10 minutes later, three police officer arrived.  Plaintiff does not identify the officers. [Filing No. 62, at ECF p. 4.]  Two of the officers engaged in a "friendly conversation" with Plaintiff's roommates inside the residence wile Plaintiff remained outside with the third officer. After an indeterminate amount of time, the two officers exited the residence and arrested Plaintiff.  [Filing No. 62, at ECF p. 4.]  The officers took Plaintiff to jail, where he was processed, fingerprinted, and underwent a body search.  [Filing No. 62, at ECF p. 5.]

The state of Indiana found probable cause and charged Plaintiff with battery resulting in bodily injury.  [Filing No. 62, at ECF p. 5.]  On December 26, 2020, the state court ordered Plaintiff released from jail subject to a no-contact order.  [Filing No. 62, at ECF p. 5-6.]  On July 29, 2020, Plaintiff was released from custody following his arraignment.  [Filing No. 62, at ECF p. 5.]  As a condition of his pretrial release, Plaintiff was required to wear a GPS ankle monitor and prohibited from using firearms.  [Filing No. 62, at ECF p. 5.]

On October 21, 2021, the prosecutor offered Plaintiff a diversion program, which Plaintiff rejected. [Filing No. 62, at ECF p. 8.] Because Plaintiff did not trust his attorney, he terminated his first counsel and hired a second attorney. [Filing No. 62, at ECF p. 8.] On May 26, 2022, despite Plaintiff requesting his attorney not consider any further offers from the prosecutor, Plaintiff entered into a pretrial diversion agreement to withhold prosecution on the related to charges. [Filing No. 62, at ECF p. 8.] As part of the pretrial diversion agreement, Plaintiff had to admit there was probable cause for his arrest and the charges filed against him. Agreement to Withhold Prosecution, *State v. Wang*, Cause No. 49D23-2012-CM-038128 (Mar. Sup. Ct. May 26, 2022). On December 1, 2022, the state of Indiana dismissed all charges against Plaintiff. [Filing No. 62, at ECF p. 8-9.] On January 6, 2023, Plaintiff filed a tort claim notice with Defendant City of Indianapolis. [Filing No. 62, at ECF p. 10.] The City denied Plaintiff's claim for failure to timely file the notice. [Filing No. 62, at ECF p. 10.]

On August 28, 2023, Plaintiff, proceeding *pro se*, filed a complaint in this Court [Filing No. 1], which Defendants moved to dismiss [Filing No. 19]. The Court granted the motion to dismiss, directed Plaintiff to file any amended complaint within 14 days, and noted that any amended complaint could only attempt to revive the *Monell* claims in Count V that were based on conclusory allegations. [Filing No. 39, at ECF p. 19.] Plaintiff sought reconsideration of the Court's order [Filing No. 42] and filed an amended complaint [Filing No. 43], which Defendants moved to dismiss [Filing No. 52]. The Court denied Plaintiff's motion for reconsideration, granted Defendants' motion to dismiss, and gave Plaintiff one final opportunity to file an amended complaint. [Filing No. 61, at ECF p. 8.]

On July 10, 2024, Plaintiff filed his second amended complaint [Filing No. 62], which Defendants once again have moved to dismiss [Filing No. 65]. This motion now pends.

3

### III.   Discussion

Defendants argue that Plaintiff's second amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  [Filing No. 66, at ECF p. 1.]  The Court has compared Plaintiff's second amended complaint [Filing No. 62] with the earlier amended version [Filing No. 43].  The factual and legal allegations of Plaintiff's second amended complaint do not materially differ from Plaintiff's previously dismissed complaint.  In fact, despite being afforded numerous opportunities to revive his *Monell* claims, Plaintiff's factual allegations largely mirror allegations made within his first amended complaint, which suffer from the same defects as his original complaint.  Plaintiff did remove counts as directed, but the amended complaint still contains factual allegations claiming Defendants violated the Second Amendment, Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983.  [*See* Filing No. 62.]  The Court already explained in its earlier orders granting Defendants' motions to dismiss why these claims fail due to statute of limitations issues, *Rooker-Feldman*, and other issues.  [Filing No. 39; Filing No. 61.]  These explanations remain true.

Plaintiff's underlying allegations regarding § 1983 claims and other constitutional violations are time barred.  For instance, Plaintiff claims his rights under the Fourth and Fourteenth Amendments to be free of unreasonable searches and seizures were violated; he also alleges he was deprived of his personal property kept at his residence due to the no contact order.  [Filing No. 62, at ECF p. 9.]  The point in time when such a claim accrues and the two-year statute of limitations begins to run is a "matter of federal law, and generally occurs when a plaintiff knows that fact and the cause of an injury."  *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).  The latest date any of these claims could have accrued was the date he was released from jail, December 29, 2020, when Plaintiff knew he could not personally retrieve

personal property from his home due to the no contact order. Thus, he had until December 29, 2022, to bring any deprivation of property claim under either the Fourth or Fourteenth Amendment. However, Plaintiff did not initiate this action until August 28, 2023, which is after the statute of limitations expired. Plaintiff cannot revive these claims.[1]

As for the *Monell* claims that the Court allowed Plaintiff to re-plead, Plaintiff has not made significant changes to his complaint. Thus, Plaintiff still has not supported those with anything more than conclusory allegations, boilerplate language, and threadbare recitations of the elements of a *Monell* claim. This is not sufficient to state a claim and survive Defendants' motion to dismiss. To state a *Monell* claim, the plaintiff must plead specific factual content to allow the court to draw the reasonable inference that the city maintains a problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). An isolated allegation of wrongdoing by one or a few rogue government employees is insufficient to establish a policy, custom, or practice. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Plaintiff generally claims that the City maintains a policy, custom, or practice that was unlawful. However, Plaintiff fails to identify any specific policy that actually caused him to be deprived of his rights or that a widespread custom or practice—rather than an isolated event—was the source of his deprivation. Plaintiff broadly claims that "[p]olice detectives acted in execution of government policy or custom that may fairly be said to represent the official policy or custom of the City." [Filing No. 62, at ECF p. 14.] Plaintiff points to no express policy and

---

[1] Plaintiff similarly cannot revive claims that Defendants violated the Second Amendment or Eighth Amendment or a claim for malicious prosecution pursuant to §1983. All these claims are vaguely referenced in the factual section of Plaintiff's second amended complaint [Filing No. 62], but the Court did not give Plaintiff leave to amend to revive these claims, and the same reasoning still applies as to why they fail.

5

does not identify any specific language in a policy that violates his constitutional rights. Similarly, Plaintiff fails to demonstrate any widespread custom or practice that led to the violation of his rights. Plaintiff must allege more than suffering a violation of his constitutional rights. Rather, "a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). That has not occurred here.

Plaintiff fails to allege any facts from which it could reasonably be inferred that a widespread practice of the City was the moving force behind any of his alleged deprivations of constitutional rights. At best, Plaintiff points to a single, isolated instance, and claims on that basis that the City has a widespread practice of fabricating evidence, filing false probable cause affidavits, ordering destruction of property, and using excessive force. Plaintiff indicates that he needs to conduct discovery to determine if a policy exists. [Filing No. 62, at ECF p. 15.] However, with no more than threadbare and conclusory allegations, his claims cannot proceed.

In the same fashion, Plaintiff's failure to train, supervise, and discipline claims contain nothing more than conclusory statements, such as that the City knows "that employees regularly engage in the misdeeds set forth in this entire complaint." [Filing No. 62, at ECF p. 14.] Plaintiff fails to describe any such training deficiency which would have put the City on notice. Instead, Plaintiff only broadly alleges that the City failed to properly train officers as to the legal requirements and protections set forth in the "United States and Indiana Constitutions and other laws" without providing any further reference." [Filing No. 62, at ECF p. 15.] This conclusory statement was in the prior version of Plaintiff's amended complaint as well, which the Court found deficient. Plaintiff still alleges no facts showing that the City's final policymakers were aware of the need for additional training in the areas of investigating, reporting, or prosecuting

criminal matters or that the final policymakers were deliberately indifferent. Similarly, as to the failure to supervise claim, Plaintiff fails to allege facts showing that the City's policymakers were aware of the Defendant officers' alleged conduct, much less approved it. Therefore, since Plaintiff cannot succeed on his failure to train, supervise, or discipline *Monell* claims, or any other *Monell* theory, his second amened complaint is dismissed.

## IV. Conclusion

Despite having numerous opportunities to replead his original complaint, Plaintiff has failed to properly plead a *Monell* claim. Thus, for the reasons noted above, Defendants' motion to dismiss Plaintiff's complaint is granted. Plaintiff's second amended complaint is dismissed. In accordance with the Court's previous orders, dismissal is now with prejudice.

Date: 8/29/2024

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

XIHAI WANG
11272 Keith Dr.
Sterling Heights, MI 48312