UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| XIHAI WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01543-TAB-RLY |
| | ) | |
| CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This case is before the Court on Plaintiff Xihai Wang's motion to compel

discovery.  [Filing No. 140.]  As set forth in Defendants' response to this motion [Filing No.

153], the development of this case has been complicated on several procedural fronts, including

multiple changes of counsel for both sides, an appeal to the Seventh Circuit Court of Appeals,

and a stay, which has now been lifted.  The parties quibble somewhat on exactly what has

transpired up to this point regarding discovery-related matters, but the Court will not dwell on

these differences.  The bottom line is that Plaintiff contends Defendants still have not adequately

responded to his discovery, and he states he needs appropriate responses to evaluate and respond

to Defendants' anticipated dispositive motion.

Nevertheless, Plaintiff's motion to compel is denied.  First, Plaintiff did not attach to his

motion copies of his discovery requests and Defendants' responses.  As a result, the Court cannot

assess from the record the adequacy of Defendants' discovery responses.  Moreover, Plaintiff

failed to request a Local Rule 37-1 conference with the magistrate judge prior to filing his

motion to compel.  Plaintiff's reply brief states that seeking such a conference before filing a

motion to compel is "not a mandatory prerequisite" to filing such a motion.  [Filing No. 155, at

ECF p. 7.]  Plaintiff is mistaken.  Southern District of Indiana Local Rule 37-1(a), which applies to all parties regardless of representation, states that if the parties cannot resolve a discovery dispute through good faith efforts to confer regarding the dispute, "one or both parties *shall* contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to a party filing a formal discovery motion."  (Emphasis added).

The Court now orders Defendants' new counsel, Craig Williams, to confer with Plaintiff in a good faith effort to resolve any outstanding discovery disputes.  If the parties cannot resolve any such disputes in this fashion, Plaintiff must contact the chambers of the magistrate judge to request a telephone conference or other proceeding to resolve the dispute.  The parties shall confer promptly, given the June 22, 2026, dispositive motions deadline.  For these reasons, Plaintiff's motion to compel discovery [Filing No. 140] is denied.

One final note.  The Court is concerned that some of the cases Plaintiff cited in his motion to compel do not stand for the propositions alleged.  The Court also found factual discrepancies in his briefing.  Plaintiff's misstatements are improper.  The Court cautions Plaintiff to carefully review his filings to prevent any further misrepresentations, as further non-compliant submissions may result in sanctions.  *See Jones v. Kankakee County Sheriff's Department*, 164 F.4th 967, 970 (7th Cir. 2026) ("Right to it, all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal.").

Date: 6/11/2026

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

XIHAI WANG
11272 Keith Drive
Sterling Heights, MI 48312