UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| XIHAI WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01543-TAB-RLY |
| | ) | |
| CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

## I. Introduction

Before the Court is Plaintiff Xihai Wang's second motion to compel discovery. [Filing No. 164.] The Court denied his first motion to compel in part because Plaintiff did not attach copies of his discovery requests and Defendants' responses to the discovery. Without a copy of the requests and responses, the Court "[could not] assess from the record the adequacy of Defendants' discovery responses." [Filing No. 156, at ECF p. 1.] Plaintiff once again failed to provide a copy of his requests to the Court. While the Court could once again deny his request on this basis, it declines to do so. Instead, the Court grants Plaintiff limited relief, while denying the remaining requests.

## II. Discussion

Plaintiff seeks an order compelling: (1) production of Indianapolis Metropolitan Police Department policy, procedure, and training materials relevant to his surviving claims; (2) identification of additional individuals Plaintiff recently discovered through body camera footage; and (3) complete answers and responses to Plaintiff's first set of interrogatories and requests for production from remaining parties, as well as the City of Indianapolis, who is no longer a party. [Filing No. 164, at ECF p. 2-3.] Defendants Cody Gaddis, Daniel Reed, and Steven Baumer oppose Plaintiff's requests. [Filing No. 173.]

First, the Court agrees with Defendants that Plaintiff appears to be asking the Court to compel responses to requests that were rendered moot by prior Court orders. In addition, the City of Indianapolis is no longer a Defendant in this case. The Seventh Circuit affirmed dismissal of Plaintiff's *Monell* claims against the City. [Filing No. 80, at ECF p. 10.] Since no viable claims against the City remain, Plaintiff cannot seek to compel responses from the City.[1]

Defendants further argue that any of the City's policies or procedures would be irrelevant to the remaining claims in this matter. While Plaintiff's request is exceedingly broad, it encompasses materials within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Defendants shall provide Plaintiff with copies of any IMPD policies and instructions in effect on December 22, 2020, governing: the preparation and review of incident reports and probable cause affidavits; accurate reporting of witness statements; disclosure of exculpatory information; supervisory review and submission of probable-cause materials; preservation of body camera

---

[1] The docket incorrectly reflects that the City of Indianapolis is a party. However, as noted above, the Seventh Circuit's order stated Plaintiff's *Monell* claims against the City were properly dismissed. Plaintiff has no additional viable claims against the City. Thus, the City is dismissed. The Clerk is directed to remove the City of Indianapolis from the docket.

footage and officer communications; handling and inventory of property taken from an arrestee; and documentation of communications among responding officers.

Plaintiff also seeks to compel Defendants to identify three additional individuals visible from body camera footage—two male officers who appear alongside Defendant Gaddis, and a female officer. In response, Defendants maintain that the two male officers are Defendants Baumer and Reed. Beyond that, Defendants assert that they have no additional male officers to identify. Defendants further claim that the female officer visible in the video would have no relevant information regarding Plaintiff's claims because she merely drove Plaintiff to jail. The Court overrules Defendants' objection to providing the female officer's identity. This is a reasonable request from Plaintiff. Defendants shall provide Plaintiff with her identity, her role in the arrest and detention, and any recorded communications she had with the other officers in connection with the underlying incident.

To the extent that Plaintiff seeks any additional information from Defendants, beyond the limited relief stated in this order, Plaintiff's motion is denied.

## III. Conclusion

For all these reasons, Plaintiff's motion to compel discovery [Filing No. 164] is granted in part and denied in part. Within 21 days of this order, Defendants shall provide Plaintiff copies of any IMPD policies and instructions in effect on December 22, 2020, as described above. Defendants shall also provide Plaintiff the identity of the female officer visible in the body camera footage, her role in the arrest and detention, and any recorded communications she had with the other officers in connection with the underlying incident.

All other requests for relief in Plaintiff's motion are denied. In addition, the Clerk is directed to remove the City of Indianapolis from the docket.

Date: 9/11/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

XIHAI WANG
11272 Keith Drive
Sterling Heights, MI 48312