UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| XIHAI WANG,<br><br>Plaintiff,<br><br>v.<br><br>GRADDIS CODY Police Officer, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-01543-TAB-RLY |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## I. Introduction

Plaintiff Xihai Wang seeks reconsideration of the Court's September 11, 2026, order on Plaintiff's second motion to compel discovery. [Filing No. 181.] In that order, the Court granted Plaintiff limited relief and denied his remaining requests as moot or overbroad. [Filing No. 177.] Now, Plaintiff's motion for reconsideration claims that the Court's previous denial "rested substantially on the absence of the underlying discovery materials rather than a determination that Defendants' responses were complete." [Filing No. 181, at ECF p. 2.] This is inaccurate. The Court stated that it could have denied Plaintiff's requests outright due to his failure to provide a copy of the underlying discovery requests and Defendants' responses, but it declined to do so. Instead, contrary to Plaintiff's assertions, the Court found no merit to most of Plaintiff's requests, many of which were rendered moot by prior Court orders. [Filing No. 177, at ECF p. 1-2.]

Moreover, a motion to reconsider is only appropriate where the party moving for the motion demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schools*, 286 F.R.D. 411, 512 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. A motion to reconsider is not an occasion to make new arguments." (internal citations and quotation marks omitted)). Plaintiff fails to meet this high standard.

Plaintiff's motion and related briefing set forth no argument that the Court demonstrably misunderstood Plaintiff's earlier requests or applied improper legal analysis. For instance, Plaintiff asks the Court to order Defendants to serve a verified supplemental answer identifying every officer dispatched to or present at the scene where he was ultimately arrested. [Filing No. 181, at ECF p. 4.] In response, Defendants contend that Plaintiff is under the false impression that additional officers were dispatched, but only the officers previously identified—Defendants Cody Gaddis, Daniel Reed, and Steven Baumer—were assigned to the call. "No one else." [Filing No. 184, at ECF p. 2.] Defendants acknowledge later in their response brief that Officer Stephanie Gravos of the Marion County Sheriff's Office transported Plaintiff to jail. However, Plaintiff had already been arrested and read his rights by Officer Gaddis before Officer Gravos arrived at the scene. [Filing No. 184, at ECF p. 5.] To the extent that Plaintiff seeks further discovery relating to the officers present at the scene, that request is denied.

Plaintiff's motion for reconsideration also contains requests for additional discovery not previously served on Defendants. For instance, Plaintiff asks that the Court direct Defendants to obtain and produce IMPD dispatch records. [Filing No. 181, at ECF p. 6.] Plaintiff also asks the

Court to order Defendants to serve a verified supplemental response answering various questions about Officer Gravos. [Filing No. 181, at ECF p. 7-8.] A motion to reconsider is not an appropriate vehicle for making new discovery requests. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Furthermore, discovery is closed.

Plaintiff also references a four-day delay in filing the probable cause affidavit. [Filing No. 181, at ECF p. 9.] Defendants' response explains that officers arrested Plaintiff on December 22, 2020, and filed charges that same day. A new court case was opened in Marion Superior Court on December 26, 2020. That same day, officers filed the probable cause affidavit. Once again, Plaintiff asks the Court to order supplemental verified answers to moot discovery requests through his motion for reconsideration, which is improper. In addition, Plaintiff seems to take issue with the fact that the probable cause affidavit recounts Officer Gaddis' investigation but was sworn by Detective Kevin LaRussa, who did not have personal knowledge of the underlying events. There is nothing wrong with this. It is common practice for a probable cause affidavit to include facts from other officers. *See, e.g., United States v. Schubert*, 528 Fed. App'x 613, 616 (7th Cir. 2013) ("An affidavit in support of a search warrant can rely on information from other officers and other hearsay if sufficiently reliable."); *United States v. Hollingsworth*, 495 F.3d 795, 805 (7th Cir. 2007) ("[A] search warrant need not be based on first-hand observations."). Thus, these concerns raised by Plaintiff do not provide any grounds for reconsideration of the Court's earlier order.

For all these reasons, Plaintiff's motion to reconsider [Filing No. 181] is denied. Defendants shall file their reply to the pending motion for summary judgment within 14 days of this order.

Date: 11/5/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

XIHAI WANG
11272 Keith Drive
Sterling Heights, MI 48312